# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 27, 2004

## STATE OF TENNESSEE v. JOHN CHRIS ELROD

**Direct Appeal from the Circuit Court for Warren County**
**No. F-8968     Larry B. Stanley, Jr., Judge**

---

**No. M2003-01600-CCA-R3-CD - Filed March 17, 2004**

---

The defendant, John Chris Elrod, was indicted by the Warren County Grand Jury on one count of aggravated kidnapping, a Class B felony, and one count each of assault and vandalism under $500, both Class A misdemeanors. He pled guilty to the Class A misdemeanors of false imprisonment, assault, and vandalism under $500 and was sentenced to eleven months, twenty-nine days at 75% on each count with counts one and two consecutive and count three concurrent with count one. In this appeal as of right, the defendant contends that the trial court abused its discretion in imposing consecutive sentences for two misdemeanors arising from the same episode. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

J. Hilton Conger, Smithville, Tennessee, for the appellant, John Chris Elrod.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; C. Dale Potter, District Attorney General; and Larry G. Bryant, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

The few details of the incident resulting in the defendant's convictions are set out in the presentence report:

Aggravated Kidnapping (False Imprisonment):

"Chris Elrod is charged with Aggravated Kidnapping in that on December 19, 2001[,] Ms. Christy Elrod stated to investigators that Mr. Elrod busted the window out of her father's vehicle pulling her from the vehicle leaving marks on Ms. Elrod's arms and chest. Ms. Elrod did not consent to going with Mr. Elrod. Ms. Elrod had an active order of protection signed prior to this incident."

Aggravated Assault (Assault):

"Chris Elrod is charged with Aggravated Assault in that on December 19, 2001[,] Mr. Elrod was found to be with his wife Christy Elrod who has an order of protection on Mr. Elrod. Ms. Elrod stated to the investigators that Mr. Elrod drug her from her father's vehicle busting the window[.] Ms. Elrod had bruising on her upper arms and scratches on her chest and [her] shirt had been torn."

Vandalism:

"Chris Elrod is charged with Vandalism in that on December 19, 2001[,] Ms. Elrod stated to investigators that Mr. Elrod drug her from her father['s] vehicle busting the window. Mr. Elrod was also charged with Aggravated Assault due to Ms. Elrod having a order of protection on Mr. Elrod."

Defendant's Statement:

"This was a meeting gone bad. It did not happen the way she [s]ays it did! So for the plea I really wish it could be my time on probation[,] not in jail. When this first happened, I was away from my kids for a year. Now [that] I have visitation they have adjusted[.] [I]f gone for another year it will be hard on them understanding and adjusting all over."

## ANALYSIS

### Consecutive Sentencing

The defendant's sole issue on appeal is that the trial court erred in ordering that the sentences for counts one and two be served consecutively. He argues that consecutive sentencing is "clearly excessive and inappropriate given the fact that the assault and the false imprisonment charges are essentially one and the same." When an accused challenges the length and manner of service of a

sentence, it is the duty of this court to conduct a *de novo* review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000). However, this court is required to give great weight to the trial court's determination of controverted facts as the trial court's determination of these facts is predicated upon the witnesses' demeanor and appearance when testifying.

In conducting a *de novo* review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103, -210; State v. Scott, 735 S.W.2d 825, 829 (Tenn. Crim. App. 1987). The party challenging the sentences imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Commission Cmts.; Ashby, 823 S.W.2d at 169. This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

In sentencing the defendant, the trial court stated that it had considered the presentence report and the testimony, at the sentencing hearing, of the probation officer who had prepared the report and the victim, as well as the arguments of counsel. Reviewing this information, the court noted that the defendant was on probation when he committed the instant offenses and that "he was unwilling to abide by those terms of probation." The court discussed the defendant's prior criminal history, which included four convictions for speeding from 1997-2000; two convictions in 1996 for passing worthless checks; a conviction in 1998 for theft under $500, for which he was sentenced to six months probation; and a conviction on August 13, 2001, for domestic assault on the same victim as in the present appeal, with the defendant being placed on probation and ordered to stay away from the victim and attend conflict management classes. The trial court also noted that the defendant tested positive for methamphetamine on March 28, 2003, two weeks after entering his guilty pleas. The court concluded that the defendant had an extensive criminal record, had committed the instant offenses while on probation, was unwilling to abide by terms of probation or court orders, and, as a result, two of his sentences should be served consecutively. A court may order sentences to run consecutively if the court finds by a preponderance of the evidence that "[t]he defendant is an

offender whose record of criminal activity is extensive" and "[t]he defendant is sentenced for an offense committed while on probation."  Tenn. Code Ann. § 40-35-115(b)(2), (6).  The record supports the trial court's determination as to the defendant's prior record and consecutive sentencing.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____

ALAN E. GLENN, JUDGE